FILED
JUL 1 2 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE ARLINGTON AUTOMOTIVE GROUP, INC. D/B/A ARLINGTON TOYOTA, | ) ) ) |
| Defendant. | ) ) |

CIVIL ACTION NO.

05C 4007
05C 4007

JURY TRIAL DEMAND

JUDGE DER-YEGHIAYAN

MAGISTRATE JUDGE SCHENKIER

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to James A. Wilson (hereinafter "Wilson") who was adversely affected by such practices. As alleged in paragraph seven (7) below, The Arlington Automotive Group, Inc., doing business as Arlington Toyota, (hereinafter "Arlington Toyota" or "Defendant") retaliated against Wilson by refusing to hire him after Defendant was informed that Wilson had previously filed a charge of discrimination under Title VII with the United States Equal Employment Opportunity Commission (hereinafter "EEOC" or the "Commission") against a former employer.

### JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Arlington Toyota has continuously been and is now doing business in the State of Illinois and the City of Buffalo Grove, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Arlington Toyota has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

6. More than thirty days prior to the institution of this lawsuit, Wilson filed a charge with the Commission alleging violations of Title VII by Defendant Arlington Toyota. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about January 2004, Defendant engaged in unlawful employment practices at its dealership in Buffalo Grove, Illinois, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Such unlawful employment practices include: retaliating against Wilson by refusing to hire him – after he received a bona fide offer of employment – after Arlington Toyota

2

became aware that Wilson filed a charge of discrimination under Title VII with the Commission against a previous employer (Howard Pontiac, Inc.).

8. The effect of the practices complained of in paragraph 7 above has been to deprive Wilson of equal employment opportunities and otherwise adversely affect his status as an employee, because of his participation in conduct protected by Title VII.

9. The unlawful employment practices complained of in paragraph seven (7) were intentional.

10. The unlawful employment practices complained of in paragraph seven (7) above were done with malice or with reckless indifference to Wilson's federally protected rights.

### **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Arlington Toyota, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which retaliates against employees for their participation in conduct protected by Title VII;

B. Order Defendant Arlington Toyota to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who participate in conduct protected by Title VII, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant Arlington Toyota to make whole Wilson by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.  Order Defendant Arlington Toyota to make whole Wilson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described complained of in paragraph 7 above, in amounts to be determined at trial;

E.  Order Defendant Arlington Toyota to make whole Wilson by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

F.  Order Defendant Arlington Toyota to pay Wilson punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

_____
John C. Hendrickson
Regional Attorney

_____
Diane I. Smason
Supervisory Trial Attorney

_____
Aaron R. DeCamp
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7582