IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE ARLINGTON AUTOMOTIVE GROUP, INC. D/B/A ARLINGTON TOYOTA,<br><br>Defendant. | Case No. 05 C 4007<br><br>Judge Der-Yeghianyan<br>Magistrate Schenkier |

## CONSENT DECREE



### THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Defendant The Arlington Automotive Group, Inc., d/b/a Arlington Toyota ("Arlington Toyota") violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, by retaliating against James Wilson ("Wilson" or "Charging Party"), an applicant for employment, for filing a charge of discrimination under Title VII with the EEOC against a former employer. Arlington Toyota filed an answer denying these allegations.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree").

3. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC as well as all claims made a part of or which could have been

1

made part of the charge of discrimination, No. 210-2004-03035, filed by James Wilson on or about February 26, 2004. Nothing in this Decree shall be deemed to constitute an admission by either party with respect to the claims or defenses of the other.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of this action and of the parties.

    b. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Arlington Toyota, the Charging Party and the public interest are adequately protected by this Decree.

    c. This Decree conforms with the Federal Rules of Civil Procedure, Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the Charging Party, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## NON-RETALIATION

5. Arlington Toyota, its officers, agents, employees, successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

2

## MONETARY RELIEF

6. Arlington Toyota shall pay $25,000 to the Charging Party, Mr. James Wilson.

7. Within five (5) business days after entry of this Decree, EEOC will mail to the Charging Party a copy of the Release Agreement attached as Exhibit A. Within five (5) business days after receipt by EEOC of a signed Release Agreement, EEOC shall mail the Release Agreement to Arlington Toyota. Within five (5) business days after receipt by Defendant of a signed Release Agreement, Arlington Toyota's insurance company, Universal Underwriters Group, shall issue and mail by certified mail to the Charging Party a cashier's check in the amount set forth above in ¶ 6. EEOC shall provide Defendant with the current address for the Charging Party. Defendant will also send a copy of the check to EEOC.

## POSTING OF NOTICE

8 Within ten (10) business days after entry of this Decree, Arlington Toyota shall post copies of the Notice attached as Exhibit B to this Decree at its Buffalo Grove, Illinois dealership on the bulletin boards usually used by Arlington Toyota for communicating with its employees. The Notice shall remain posted for two (2) years from the date of entry of this Decree. Arlington Toyota shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Arlington Toyota shall certify to EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. Arlington Toyota shall permit a representative of EEOC to enter Arlington Toyota's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

3

## RECORD KEEPING

9. Arlington Toyota shall maintain and make available for inspection and copying by EEOC records (including names, social security numbers, addresses, and telephone numbers) of each employee or applicant who complains of retaliation.

10. Arlington Toyota shall make all documents or records referred to in Paragraph 9 above available for inspection and copying within ten (10) business days after EEOC so requests. In addition, Arlington Toyota shall require personnel within its employ whom EEOC reasonably requests for purposes of verifying compliance with this Decree to cooperate with EEOC and to be interviewed.

## REPORTING

11. Arlington Toyota shall furnish to EEOC the following written reports semi-annually for a period of two (2) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due twenty-three (23) months after entry of the Decree. Each such report shall contain:

(a) A summary of the information recorded by Arlington Toyota pursuant to Paragraph 9;

(b) A certification by Arlington Toyota that the Notice required to be posted in Paragraph 8, above, remained posted during the entire six (6) month period preceding the report.

## TRAINING

12. During each of the two (2) years covered by this Decree, all of Arlington Toyota's supervisory and managerial employees shall participate in an annual training session by a trainer paid for by Arlington Toyota and approved by EEOC regarding retaliation. All current human

4

resources employees at Arlington Toyota shall also participate in such training, and any new human resources employee shall receive such training prior to starting work. A registry of attendance shall be maintained. The first training shall take place with ninety (90) days of entry of this Decree.

13. Arlington Toyota shall obtain EEOC's approval of its proposed trainer prior to the training session. Arlington Toyota shall submit the name, address, telephone number, resume and training proposal of the proposed trainer, including all proposed training materials, to EEOC at least fifteen (15) business days prior to the proposed date(s) of the training. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the proposed trainer. In the event EEOC does not approve Arlington Toyota's designated trainer, Arlington Toyota shall have five (5) business days to identify an alternate trainer. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the alternate trainer. If the parties cannot through this process agree on a trainer, then they may seek the Court's assistance under ¶ 16.

14. Arlington Toyota shall certify to EEOC in writing within five (5) business days after the training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance.

15. Arlington Toyota will also provide EEOC with any and all copies of pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

## DISPUTE RESOLUTION

16. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

17. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under ¶16, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

18. Each party to this Decree shall bear its own expenses, attorney's fees and costs.

19. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Arlington Toyota.

20. When this Decree requires the submission by Arlington Toyota of reports, certifications, notices, or other materials to EEOC, they shall be mailed to: Arlington Toyota Title VII Settlement, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661. When this Decree requires submission by EEOC of

materials to Arlington Toyota, they shall be mailed to: Steven Mitchell Sack, 1795 Harvard Avenue, Merrick, New York, 11566.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

For Arlington Toyota
Best, Vanderlaan & Harrington
25 E. Washington St., Suite 210
Chicago, Illinois 60602

_____
Lori A. Vanderlaan, ESQ.

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 886-9078

_____
JOHN C. HENDRICKSON
Regional Attorney

_____
DIANE I. SMASON
Supervisory Trial Attorney

_____
AARON R. DECAMP
Trial Attorney

DATE: December 13, 2005

_____
ENTER:
The Honorable Samuel Der-Yeghianyan
United States District Judge

8

EXHIBIT A

## **RELEASE AGREEMENT**

In consideration for $25,000 paid to me by The Arlington Automotive Group, Inc., in connection with the resolution of <u>EEOC v. The Arlington Automotive Group, Inc., d/b/a Arlington Toyota,</u> No. 05 C 4007 (N.D. Ill.), I waive my right to recover for any claims of retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq.</u> ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, that I had against The Arlington Automotive Group, Inc. prior to the date of this release and that were included in the claims alleged in EEOC's complaint in <u>EEOC v. The Arlington Automotive Group, Inc., d/b/a Arlington Toyota,</u> No. 05 C 4007.

_____ _____
Date                                                                  Signature

EXHIBIT B

## NOTICE TO ALL ARLINGTON TOYOTA EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. The Arlington Automotive Group, Inc., d/b/a Arlington Toyota, No. 05 C 4007, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Arlington Toyota.

In its suit, EEOC alleged that Arlington Toyota discriminated against an applicant for employment by retaliating against him for filing a charge of discrimination against a former employer under Title VII with EEOC. Arlington Toyota filed an answer denying these allegations.

To resolve the case, Arlington Toyota and EEOC have entered into a Consent Decree which provides, among other things, that:

1) Arlington Toyota will make a monetary payment to the employee who claims he was the victim of retaliation in order to settle the above claim.

2) Arlington Toyota will not retaliate against any person because (s)he opposed any practice made unlawful by Title VII, filed an Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and

3) Arlington Toyota will train all its managers and human resource personnel regarding retaliation and its policy.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact EEOC at (312) 353-8195. EEOC charges no fees and has a TTD number.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Arlington Toyota Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.**

_____                                    _____
Date                                                                Judge Samuel Der-Yeghianyan
                                                                    United States District Court